**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| KATHLEEN R., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-61-JVB-JEM |
| | ) | |
| ANDREW SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Kathleen R. seeks judicial review of the Social Security Commissioner's decision denying her claim for disability insurance benefits and asks this Court to remand the case. For the reasons below, the Court reverses the decision of the Commissioner of Social Security.

## PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits under Title II. In her application, Plaintiff alleged that she became disabled on August 1, 2015. After a video hearing on August 8, 2017, an Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of fibromyalgia, osteoarthritis of the knees, degenerative disc disease of the spine, hypertension, asthma, obesity, and affective disorders including depression, generalized anxiety disorder, and panic disorder. (AR 14). The ALJ found that Plaintiff is unable to perform any past relevant work. (AR 23). However, the ALJ did find that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 23). Therefore, the ALJ found Plaintiff not disabled from August 1, 2015, through October 26, 2017, the date of the ALJ's decision. (AR 24). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred by assigning only little weight to the opinion of consultative examiner Dr. Conrardy. Plaintiff notes that Dr. Conrardy's opinion would limit Plaintiff to sedentary work, which, due to Plaintiff's age, would mandate a finding of disability.

Although an ALJ need only "minimally articulate" her reasons for discounting a medical opinion, *Elder v. Astrue*, 529 F.3d 408, 416 (7th Cir. 2008), she must provide "specific, legitimate

reasons constituting good cause" before rejecting the opinion. *Knight v. Chater,* 55 F.3d 309, 313 (7th Cir. 1995). An ALJ may, for instance, discount an opinion that lacks medical findings to corroborate such allegations, *Elder v. Astrue*, 529 F.3d 408, 416 (7th Cir. 2008), especially if the opinion appears to be based solely on the plaintiff's "subjective complaints." *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004).

The ALJ stated that Dr. Conrardy's opinion appeared to be based on Plaintiff's subjective complaints and report to the examiner. The ALJ further noted that the clinical evaluation revealed that Plaintiff walked with a normal gait and did not use any cane or assistive device, strength was 5/5 in Plaintiff's extremities, sensory was grossly intact to touch but there was occasional numbness in the left leg, and Plaintiff had full range of motion of the spine and extremity joints. (AR 20 (citing AR 339)). Plaintiff identifies that the ALJ omitted Dr. Conrardy's examination finding that Plaintiff is not capable of rising from sitting to standing without using her arms. (AR 339).

The ALJ found that, physically, Plaintiff had the residual functional capacity to

> perform light work . . . except that she can never climb ladders, ropes or scaffolds, but she can occasionally climb ramps, and stairs. The claimant can occasionally balance, stoop, kneel, crouch or crawl. She should avoid concentrated exposure to extreme heat, extreme cold, fumes, dusts, odors, gases and poor ventilation, as well as moving machinery, unprotected heights, and wet slippery surfaces. She can frequently reach in all directions, including overhead, bilaterally.

(AR 16). The ALJ also found that Plaintiff had mental limitations, but those are not relevant here.

It is unclear how the ALJ found that Dr. Conrardy's opinion is based on Plaintiff's complaints instead of on his physical examination of Plaintiff. Dr. Conrardy's medical evaluation lists findings from a physical examination, including the neurologic and gait findings that the ALJ identified in her opinion. (AR 339). Dr. Conrardy also completed a range of motion chart. (AR 341). The ALJ does not explain her reasoning for finding that Dr. Conrardy relied on Plaintiff's

reports instead of his own medical expertise applied to the results of his medical examination of Plaintiff; she simply states that it appears to be so.

Dr. Conrardy did not simply parrot Plaintiff's reported abilities in stating his medical opinion. Plaintiff's statements, as recorded in Dr. Conrardy's report, is that she "can lift 10 pounds once, 5 pounds repetitively" and that she "can walk about 30 yards before she needs to sit, stand and walk for 20 minutes before she needs to sit, and sit for about an hour before she needs to move." (AR 338). Dr. Conrardy's opinion is that Plaintiff "can occasionally lift and carry 10 pounds" and, in an eight-hour work shift, "can perform six hour[s] sitting, one hour standing, and one hour walking." (AR 340). Pursuant to Social Security Ruling 83-10, an activity performed "occasionally" is performed for up to one-third of an eight-hour work shift. Accordingly, Dr. Conrardy found that Plaintiff could lift and carry 10 pounds for up to two hours and forty minutes of an 8-hour shift, and he did not place a limit on repetitive lifting as Plaintiff reported. Similarly, though Dr. Conrardy found that Plaintiff could only walk for one hour per workday, he did not find that Plaintiff needed rest periods of a certain amount of time between periods of walking as Plaintiff reported.

Dr. Conrardy's opinion is that Plaintiff's hip pain from fibromyalgia is worse with standing and walking. The ALJ has repeated Dr. Conrardy's examination findings of normal gait, non-use of assistive devices, normal strength, and normal range of motion, but she has not provided an analysis of how these findings are inconsistent with Dr. Conrardy's opinion of a reduced ability to walk and stand due to pain. These findings are not *de facto* inconsistent with pain. *Cf. Michael C. v. Saul*, --- F. Supp. 3d ---, No. 18 C 6607, 2019 WL 4806312, at *4 (N.D. Ill. Oct. 2, 2019) ("As in Lambert v. Berryhill, 896 F.3d 768, 777 (7th Cir. 2018), 'none of [plaintiff's] physicians interpreted [normal strength findings] as inconsistent with his reports of recurrent and worsening

pain and functional limitations.'" (alterations in original)). Though the ALJ is not required to adopt the medical opinion of Dr. Conrardy, she does need to provide a logical bridge from the evidence to her conclusions, and that bridge is absent here. Remand is required for new consideration of Dr. Conrardy's opinion.

Plaintiff also argues that the ALJ's discussion of Plaintiff's activities of daily living is in error. Because this case must be remanded on other grounds, the Court need not address this point, which was cursorily mentioned in Plaintiff's opening brief.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Social Security Appeal [DE 18], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

SO ORDERED on January 8, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT